## Banes, Appellant, v. Morgan.

*Mortgage—Parol mortgage—Trusts and trustees—Ejectment.*

In an equitable ejectment, it appeared that the plaintiffs formerly owned the land in controversy, but that it had been sold in foreclosure proceedings on a mortgage. R. bought the land at sheriff's sale, and gave the plaintiffs an option to repurchase the land within thirty days. Within the thirty days P. and his sister paid to the purchaser at the sheriff's sale the amount mentioned in the option and took title in his own name. The plaintiffs offered to show that at the time of this transaction P. agreed to give them three years within which to raise the money, and upon repayment of the advance to reconvey the land to them. They also offered evidence to show that P., refused to reduce this agreement to writing. P. subsequently died. On application to the orphans' court a decree was entered directing P.'s executor to make a conveyance to plaintiffs upon their payment of the redemption price. This decree was subsequently vacated because of the failure of the plaintiffs to raise the money. Subsequently the sister of P., to whom he had devised the land, conveyed the lands to the defendant in the equitable ejectment. *Held*, (1) that P.'s agreement being in parol, was a mere parol mortgage which could not be enforced; (2) that P.'s refusal to put the alleged agreement in writing was in the absence of any other facts insufficient to establish a trust ex maleficio; (3) that the proceedings in the orphans' court were immaterial, inasmuch as the original decree had been revoked; (4) that after the decree of revocation there was no outstanding title in plaintiffs of which defendant was obliged to take notice.

Argued Oct. 28, 1902. Appeal, No. 27, Oct. T., 1902, by plaintiffs, from judgment of C. P. No. 1, Allegheny County, Dec. T., 1900, No. 200, on verdict for defendant in case of Wilhelmina Banes et al. v. James F. Morgan. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Equitable ejectment for lands in Shaler township. Before STOWE, P. J.

At the trial it appeared that Wilhelmina Banes and Mary Givens formerly owned the lands in controversy. On October 10, 1896, the lands were sold by the sheriff under foreclosure proceedings on a mortgage, and were purchased by J. L. Ritchey, who gave Mrs. Banes and Mrs. Givens an option to repurchase lands within thirty days, for $3,000. Within the thirty days, William T. Paul and Kate C. Paul paid to Ritchey the $3,000, and Paul took the deed in his own name. Plaintiffs offered testimony which tended to show that at the time of this transaction, Paul promised to reconvey the land to the plaintiffs, if the amount of the advance was repaid within three years, but that he refused to put this agreement in writing. Paul subsequently died, having devised the lands to his sister, Kate C. Paul. In proceedings in Paul's Estate in the orphans' court, which were apparently of an amicable character, a decree was entered, authorizing Paul's executor to convey the lands to the plaintiffs upon payment of the redemption money. In September 1898, this decree was revoked because of the failure of the plaintiffs to pay the redemption money. In July, 1899, Miss Paul conveyed the lands to J. F. Morgan, who subsequently conveyed a half interest in them to Hugh F. McGrady. Morgan subsequently conveyed the remaining half interest in the land to McGrady. Thereafter McGrady intervened as a party defendant.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* was in giving binding instructions for defendant.

*W. G. Crawford*, with him *Joseph A. McDonald*, for appellant.—No question can arise but that a trust existed in the Pauls under the above agreement, and that the violation of the agreement made them trustees ex maleficio.

Equity will consider that done which ought to have been done, and the cases of Beegle v. Wentz, 55 Pa. 369, and Church v. Ruland, 64 Pa. 432, are, we think, authorities upon this point: Seichrist's Appeal, 66 Pa. 237, cited in Goodwin v. McMinn, 193 Pa. 646.

*J. S.* and *E. G. Ferguson*, for appellees, James F. Morgan et al.

*T. C. Noble,* for appellee, Kate C. Paul.

OPINION BY MR. JUSTICE MITCHELL, November 10, 1902:

The foundation of the plaintiff's title to the land was the agreement of the purchaser at sheriff's sale to reconvey on payment of a certain sum within thirty days. This option, so-called, was exercised by Paul in behalf of plaintiffs upon an express agreement, but in parol, that he would convey the land to them, less one acre, upon payment of the money advanced within three years. This is plaintiffs' own version of the agreement and it amounts at most to a parol mortgage which cannot be enforced under the act of 1881.

Nor is the case any stronger on the ground of trust. Plaintiffs did not furnish any of the money with which Paul bought, nor was there any act of fraud or deceit on his part from which the law would raise a trust by implication. The only act relied on, his refusal to put the alleged agreement in writing, is, in the absence of any other facts, insufficient to establish a trust ex maleficio. It was the simple case of an alleged parol agreement to convey land on conditions never complied with, which could not have been enforced against Paul under the act of 1856, and which of course was of no validity against his vendee, who bought an apparently clear legal title.

The proceedings in the orphans' court are immaterial. The decree of sale upon the contract of Paul, after his death, was made in January, 1898. Whatever might have been its effect had it remained in force, it was vacated and the order of sale revoked for failure of appellant to comply with the terms in September, 1898. When therefore defendant Morgan bought from Miss Paul in 1899, there was no outstanding title in appellant of which he was obliged to take notice.

Judgment affirmed.